UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRISCILLA CAREFOOT, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>COUNTY OF KERN, et al.,<br><br>    Defendants. | Case No.: 1:17-cv-00456 AWI JLT<br><br>ORDER GRANTING THE MOTION TO APPOINT PRISCILLA CAREFOOT AS GUARDIAN AD LITEM FOR MINOR PLAINTIFF J.H.<br><br>(Doc. 3) |

On March 29, 2017, Priscilla Carefoot initiated this an her own behalf and on behalf of the minor child, J.H. (Doc. 1)  She is the mother of J.H. and seeks to be appointed as the child's guardian ad litem. (Doc. 3)

**I.     Appointment of a Guardian Ad Litem**

Pursuant to the Federal Rules of Civil Procedure, "[a] minor . . . who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem." Fed. R. Civ. P. 17(c)(2). In addition, a court "must appoint a guardian ad litem - or issue another appropriate order - to protect a minor or incompetent person who is unrepresented in an action." *Id*. The capacity of an individual to sue is determined "by the law of the individual's domicile." Fed. R. Civ. P. 17(b).

Because J.H. resides in California (Doc. 1), the law of this state governs.  Under California law, an individual under the age of eighteen is a minor, and a minor may bring suit as long as a guardian conducts the proceedings. Cal. Fam. Code §§ 6502, 6601.  A guardian ad litem may be

appointed to represent the minor's interests. Cal. Code Civ. P. § 372(a).

## II.     Discussion and Analysis

In determining whether to appoint a particular guardian ad litem, the court must consider whether the minor and the guardian have divergent interests. Cal. Code Civ. P. § 372(b)(1). "When there is a potential conflict between a perceived parental responsibility and an obligation to assist the court in achieving a just and speedy determination of the action, a court has the right to select a guardian ad litem who is not a parent if that guardian would best protect the child's interests." *Williams v. Super. Ct.*, 147 Cal. App. 4th 36, 38 (Cal. Ct. App. 4th 2007) (internal quotation marks and citation omitted). "[I]f the parent has an actual or potential conflict of interest with his child, the parent has no right to control or influence the child's litigation." *Id.* at 50.

J.H. is the three-year-old child of Priscilla Carefoot (Doc. 3 at 2), and is a minor under California law. *See* Cal. Fam. Code § 6502. As a minor, J.H.'s ability to bring suit is contingent upon the appointment of a guardian ad litem. Upon review of the complaint, it does not appear Ms. Carefoot has any adverse interests to those of the child. Though she is seeking damages in this case for herself and for the child, the damages sought are unique to each plaintiff. Accordingly, appointment of Ms. Carefoot as guardian ad litem for her child is appropriate. *See Burke v. Smith*, 252 F.3d 1260, 1264 (11th Cir. 2001) ("Generally, when a minor is represented by a parent who is a party to the lawsuit and who has the same interests as the child there is no inherent conflict of interest."); *see also Anthem Life Ins. Co. v. Olguin*, 2007 U.S. Dist. LEXIS 37669, at *7 (E.D. Cal. May 9, 2007) (observing that "[a] parent is generally appointed guardian ad litem").

## III.    Conclusion and Order

The decision whether to appoint a guardian ad litem is "normally left to the sound discretion of the trial court." *United States v. 30.64 Acres of Land, etc.*, 795 F.2d 796, 804 (9th Cir. 1986). Here, it does not appear Ms. Carefoot has conflicting interests, and as such she may be appointed to represent the interests of her child. Therefore, the Court is acting within its discretion to grant her application to be appointed as the guardian ad litem. Thus, the Court **ORDERS**:

1. The motion for appointment of Priscilla Carefoot as guardian ad litem for J.H. (Doc. 3) is **GRANTED**; and

2. Priscilla Carefoot is appointed to act as guardian ad litem for J.H., and is authorized to prosecute this action on the child's behalf.

IT IS SO ORDERED.

Dated: **April 5, 2017**          **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE