# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRISCILLA CAREFOOT, et al., | Case No.: 1:17-cv-00456-AWI-JLT |
| Plaintiffs, | FINDINGS AND RECOMMENDATIONS GRANTING APPROVAL OF THE COMPROMISE ON BEHALF OF MINOR PLAINTIFF J.H.[1] |
| v. | (Doc. 49) |
| COUNTY OF KERN, et al., | |
| Defendants. | |

In this action, J.H. by and through his guardian ad litem, Priscilla Carefoot, claimed injuries due to being removed from Carefoot's custody for almost two months. The Plaintiffs seek the Court's approval for the settlement. (Doc. 49.) Because the Court finds the proposed settlement of the child's claims to be fair and reasonable, the Court recommends that the minor's compromise be approved.[2]

## I.     **Factual and Procedural History**

On or about February 9, 2014, J.H. was placed with Priscilla Carefoot in foster care. (Doc. 36 at 8.) Beginning in 2014, Carefoot sought to become J.H.'s adoptive parent. (*Id.* at 9.)

In July 2015, Carefoot received a placement of three-month-old M.K. (*Id.* at 11-12.) M.K. "proved to be a medically fragile baby, and despite lack of any training in handling a medically fragile

---

[1] The Court finds the matter suitable for decision without hearing.
[2] Because the motion is unopposed and because the amended petition adequately sets forth the information required under Local Rule 202(b), there is good cause to approve the settlement without a hearing.

1

baby, Priscilla did her best to care for the infant." (Doc. 49 at 2.) However, both M.K. and J.H were removed from Carefoot's custody on September 10, 2015. (Doc. 36 at 17-21.) J.H. was returned to Carefoot on November 4, 2015[3]. (*Id.* at 24.) About a year later, the adoption of J.H. was formally approved. (*Id.* at 26.)

At the time that J.H. was removed from her care, Plaintiff claims that the child "had already bonded with plaintiff's family since he was seven months old." (Doc. 49 at 2-3.) Plaintiffs claimed that "[a]s a result of the conduct of Defendants, Plaintiffs have suffered severe, pervasive, and ongoing emotional distress and psychological harm, which Defendants inflicted on Plaintiff intentionally and with reckless disregard for the same." (Doc. 36 at 27.)

On May 17, 2019, Plaintiff filed a notice of settlement indicating that the parties reached a settlement. (Doc. 46.) Accordingly, the Court ordered the parties to file a petition for approval of the minor's compromise. (Doc. 47.) On June 18, 2019, the Plaintiffs filed a petition for approval of the minor's compromise. (Doc. 48.) Plaintiffs filed a duplicative petition on June 21, 2019. (Doc. 49.) The Court entered an order denying Plaintiffs' first petition for approval of a minor's compromise as duplicative. (Doc. 50.)

## II.     **Settlement Approval Standards**

No settlement or compromise of "a claim by or against a minor or incompetent person" is effective unless it is approved by the Court. Local Rule 202(b). The purpose of requiring the Court's approval is to provide an additional level of oversight to ensure that the child's interests are protected. Toward this end, a party seeking approval of the settlement must disclose:

> the age and sex of the minor, the nature of the causes of action to be settled or compromised, the facts and circumstances out of which the causes of action arose, including the time, place and persons involved, the manner in which the compromise amount . . . was determined, including such additional information as may be required to enable the Court to determine the fairness of the settlement or compromise, and, if a personal injury claim, the nature and extent of the injury with sufficient particularity to inform the Court whether the injury is temporary or permanent.

Local Rule 202(b)(2).

The Ninth Circuit determined that Federal Rule of Civil Procedure 17(c) imposes on the Court

---

[3] The plaintiff describes that as "for almost three (3) months" (Doc. 49 at 4), but, of course, this is period of time is just about a week shy of two months.

2

the responsibility to safeguard the interests of child-litigants. *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011). Thus, the Court is obligated to independently investigate the fairness of the settlement even where the parent has recommended it. *Id.* at 1181; *see also Salmeron v. United States*, 724 F.2d 1357, 1363 (9th Cir. 1983) (holding that "a court must independently investigate and evaluate any compromise or settlement of a minor's claims to assure itself that the minor's interests are protected, even if the settlement has been recommended or negotiated by the minor's parent or guardian ad litem"). Rather than focusing on the amount of fees to be awarded, the Court must evaluate whether the net amount to the child is fair and reasonable "without regard to the proportion of the total settlement value designated for adult co-plaintiffs or plaintiffs' counsel" and "in light of the facts of the case, the minor's specific claim, and recovery in similar cases." *Robidoux*, 638 F.3d at 1181-1182.

### III. Discussion and Analysis

The petition for approval of the settlement reached on behalf of the child J.H. sets forth the information required by Local Rule 202(b)(2). J.H. is a minor, presently six years old. (Doc. 49 at 4.) J.H. has lived with Plaintiff Priscilla Carefoot from February 9, 2014 until the present time, excluding the time he was removed from Carefoot, from September 10, 2015 through November 4, 2015. (*Id.*) J.H.'s adoption was finalized on October 7, 2016. (*Id.*) Plaintiff, through his guardian ad litem, asserts that the child's damages arise from being removed from Priscilla Carefoot's care and custody for the almost two-month period. (*Id.*)

#### A. Award to J.H.

The Defendants County of Kern, and any and all of its employees, agents, attorneys and representatives, including but not limited to individually named Defendants Kim Duckworth, Annie Stephens, Kenisha Edwards and Patty Rosales have agreed to pay the total amount of $30,000 in settlement funds. (*Id.* at 5.) J.H. and Plaintiff Priscilla Carefoot are to receive an equal $15,000 share of the global settlement. (*Id.*) After the payment of the proposed attorney fees and costs, the child will receive $11,250.00 from the settlement. (*Id.*) The money will be deposited in a blocked account at Navy Federal Credit Union in Ridgecrest, California. (*Id.* at 7.)

///
///

### B. Proposed Attorney Fees and Costs

Out of J.H.'s share of the settlement proceeds, Plaintiffs' counsel will be awarded fees in the amount of $3,750.00, which is 25% of the minor's share. (*Id.* at 5.) Based upon the actions taken by counsel, and the fact that Plaintiffs' guardian ad litem indicates her assent to the fees requested (*Id.* at 9-11), the Court finds the award is reasonable.

### C. Recovery in Similar Actions

As noted above, the Court must consider the outcome of similar cases to determine whether the sum to settle the child's claims is reasonable. *See Robidoux*, 638 F.3d at 1181; *Salmeron*, 724 F.2d at 1363. Although Petitioner did not identify any similar actions to support the approval of the minor's compromise, the Court finds the recovery is appropriate considering those received in other actions.

In *Doe v. Sierra Cty.*, No. 2:14-CV-01552-MCE, 2015 WL 4757915, at *1 (E.D. Cal. Aug. 11, 2015), the child was four years old when Sierra County Child Protective Services removed her and her seven-year-old brother from the care of their mother. Despite returning plaintiff's brother shortly after removal, defendants separated plaintiff from her mother for almost six years. *Id.* During that time period, plaintiff lived in at least seven placement homes. *Id.* At twelve years old, the plaintiff suffered from mental health disorders caused or exacerbated by her ordeal and developed behavioral issues. *Id.* The court found that the settlement of a total of $80,000 was fair and reasonable. *Id.* at *2.

Additionally, in *McCue v. S. Fork Union Sch. Dist.*, No. 1:10-CV-00233-LJO, 2012 WL 2995666, at *1 (E.D. Cal. July 23, 2012), Kern County Child Protective Services removed the plaintiff from his parents and his home when he was seven years old. The plaintiff did not return home until more than three months after removal. *Id.* at *5. The experience left plaintiff severely traumatized, and he subsequently suffered from major depression and post-traumatic stress disorder. *Id.* After stating that "a fair and reasonable net settlement in this case must reach a sum in excess of $200,000 before it can be considered to be in the best interests of the minor and approved by this Court," the Court approved a settlement that "produce[d] a net settlement of $210,054.67, and no less, to the child." *Id.* at *6-7. Although the sum received in *McCue* is much greater than the $11,250.00 that the Plaintiff in this case will receive under the proposed settlement, the Court nevertheless finds that the net amount distributed to J.H. under the circumstances of this case is fair and reasonable. The psychiatric injuries

claimed by the child here a mild in comparison to the child in *McCue* and, it appears, have resolved if not wholly, then substantially. In addition, the child here was much younger than in McCue, so it is unlikely he remembers the trauma of the separation.

Based upon the information provided in the motion and the supporting documents and considering the totality of the facts and circumstances of this case, the Court finds the settlement agreement is fair, reasonable, and in the best interests of the child.

**IV.     Findings and Recommendations**

Based upon the foregoing, the Court **RECOMMENDS**:

1. The petition to approve settlement of the minor's claims be **APPROVED IN FULL**;

2. The proceeds be deposited in a blocked account at Navy Federal Credit Union in Ridgecrest, California and withdrawals of the proceeds occur only by order of the Court;

3. The proceeds of the settlement authorized to be used only for the health, education and welfare of the child and any proceeds remaining when the child turns 21 years old, will be disbursed to him at that time;

4. That the parties be **DIRECTED** to file with the Court a stipulation for dismissal of the action with prejudice no later than 45 days after these findings and recommendations are adopted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:     **July 11, 2019**                    /s/ Jennifer L. Thurston
                                                                UNITED STATES MAGISTRATE JUDGE